IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BAXLEY EQUIPMENT COMPANY, LLC;
PRICE LOGPRO, LLC; and
TIMBER AUTOMATION, LLC                                            PLAINTIFFS

v.                                CASE NO. 17-6045

HOGUE INDUSTRIES, LIMITED LIABILITY
COMPANY d/b/a HOGUE INDUSTRIES                                    DEFENDANT

## COMPLAINT

Come now Plaintiffs Baxley Equipment Company, LLC, Price LogPro LLC, and Timber Automation, LLC (collectively, "Plaintiffs"), by and through their attorneys, Friday, Eldredge & Clark, LLP, and for their Complaint, state the following:

### Parties, Jurisdiction, and Venue

1. Plaintiff Baxley Equipment Company, LLC is a Georgia limited liability company, formerly known as Baxley Equipment Company, a Georgia corporation, and is registered to conduct business in the State of Arkansas.

2. Plaintiff Price LogPro, LLC is an Arkansas limited liability company, who is registered to conduct business in the State of Arkansas.

3. Plaintiff Timber Automation, LLC is a Delaware limited liability company, who is registered to conduct business in the State of Arkansas.

4. Defendant Hogue Industries, Limited Liability Company ("Hogue") is a limited liability company with offices in West Linn, Oregon. It does business under the name "Hogue Industries."

5. Hogue conducts business in Arkansas, including in the Western District of Arkansas. Plaintiffs' claims arise out of Hogue's conduct that takes place in the Western District of Arkansas. Hogue has threatened Plaintiffs' existing and potential customers in Arkansas and has alleged patent infringement occurring in Arkansas. Accordingly, this Court has personal jurisdiction over Hogue.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States. This is a declaratory judgment action for patent invalidity and noninfringement where Hogue's conduct has created on the part of Plaintiffs a reasonable apprehension that Hogue will initiate suit if Plaintiffs continue their allegedly infringing activity involving a product that Plaintiffs have produced or have prepared to produce. There is a substantial controversy between parties having adverse legal interests that are of sufficient immediacy and reality as to warrant the issuance of a declaratory judgment. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining state law claim because it is so related to claims in this action within the original jurisdiction of the Court that they form part of the same case and controversy.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in this District and, alternatively, because Hogue is subject to personal jurisdiction in this District with respect to this action.

8. Plaintiffs seek to have this Court declare the rights, status, and other legal relations between them and Hogue and seek damages.

**Factual Background**

9. Both Plaintiffs and Hogue are in the business of selling, marketing, engineering, and manufacturing lumber stacking machinery.

10. Hogue produces a High Speed Dual Fork Stacking Mechanical and Control System. Hogue alleges that the Hogue High Speed Dual Fork Stacking Mechanical and Control System is covered by U.S. Patent Numbers 7,201,554 (" the '554 patent") and 7,651,314 ("the '314 patent") (collectively, "the Patents"). The '314 patent is a continuation of the '554 patent. The '314 patent is attached as Exhibit A, and the '554 patent is attached as Exhibit B.

11. Plaintiffs designed a dual stacking machine ("Baxley stacker") that is unlike Hogue's dual stacking machine. The Baxley stacker does not utilize any electronically-controlled positioners to control the horizontal and/or vertical positions of the arms. The Baxley stacker has two sets of arms. Each set of arms utilizes a single electric motor that drives a cam to move the arms up and down and also drives a crank to move the arms forward and backwards. The cranks and cams mechanically accelerate and decelerate the arms in a fixed manner, which cannot be adjusted or controlled. The sets of arms can be independently operated. The precise location of the arms is not known throughout the cycle.

12. The claims of the Patents require "one or more first electrically-controlled positioners configured to position the first plurality of stacking arms in a horizontal relationship with respect to the frame." The horizontal positioners are utilized by an electronic control system to know the precise location of the arms throughout the cycle in order to control the speed and acceleration of the arms throughout the cycle.

13. The electric motor of the Baxley stacker starts and stops (i.e. end of cycle), from a switch on each set of arms. Once the electric motor is started and reaches operating speed, the operating speed is constant throughout a cycle, i.e., the speed of the motor is not varied to accelerate the arms during the cycle. The arms accelerate and decelerate based on the mechanical cranks and cams, which is not adjustable.

3

14. The Baxley stacker does not infringe the claims of the Patents because the stacker does not utilize any electrically-controlled positioners to know the precise horizontal location of the arms in order to control the speed and acceleration of the arms throughout the cycle. Even with an electronic control system connected to the electric motors and the switches of the proposed stacker, there is no means for the control system to know the precise horizontal or vertical position of the arms throughout the cycle in the Baxley stacker. The control system only knows the start/stop position of the arms, which is the same location. The acceleration of the arms is mechanically fixed by the cams and cranks in the Baxley stacker and is not adjustable.

15. On or about May 30, 2014, Plaintiffs sold the Baxley stacker to Georgia-Pacific, LLC for use in its Gurdon, Arkansas facility.

16. During the month of August 2015, Hogue and Plaintiffs exchanged email correspondence in which Hogue asserted that the Baxley stacker infringed the claims of the Patents, and Plaintiffs denied such infringement. Hogue also demanded that Plaintiffs cease and desist from selling the stacker. On September 1, 2015, Hogue sent Plaintiffs a cease and desist letter, a true and correct copy of which is attached hereto as Exhibit C. In the letter, Hogue alleged ownership of the Patents and that the Baxley stacker infringes the claims of the Patents. Hogue demanded that Plaintiffs "take a license or refrain from manufacturing and selling infringing machines."

17. Hogue has also been threatening and harassing Georgia-Pacific in an effort to dissuade them from using the Baxley stacker by brandishing the Patents and indicating that only Hogue can design and supply such a stacker. Hogue's actions have diminished the sale and use of the Baxley stacker for fear of Plaintiffs' customers becoming embroiled in a legal dispute.

18. As a result of Hogue's threatened litigation and conduct in the marketplace, a real, definite, concrete, actual and substantial controversy exists between the parties regarding whether Plaintiffs' making, using, and selling of the Baxley stacker infringes on the claims of the Patents.

19. Hogue insists that control of starting, stopping, and speed of the motor of the Baxley stacker is the same as the electronically controlled positioners for determining the horizontal position of the arms recited in the claims of the Patents. Hogue further argues that the claims of the Patents cover shutting off an entire set of arms in the Baxley stacker.

20. Hogue's interpretation of the claims of the Patents in this manner subjects the claims to direct challenge because prior art patents have disclosed these same features being used in dual stacking machines. The prior art U.S. Patent No. 5,613,827 (Vande Linde) (attached as Exhibit D) teaches to control the two sets of stacker arms independently. Claim 2 recites: "the plurality of stacker arms include dual, independently operable sets of arms." Likewise, column 2, lines 5-12 discloses that "some of the arms are operated independently of the others so that one set of arms can continue to operate even if the other set of arms is not." Further, column 2, lines 13-17 states, "Yet another object of the invention is to provide a lumber stacking machine incorporating dual sets of independently actuatable lumber stacking arms arranged to operate out of phase with one another, but synchronized for alternating movement, thereby effectively doubling the speed of operation of the machine." Thus, the Baxley stacker is allowed to independently operate two sets of arms free of the Patents.

21. Vande Linde also teaches an electronic control system can be used to control the stacker arms. Column 5, lines 44-50, discloses, "Appropriately placed photocells and limit switches (not shown) are provided throughout the machinery to sense the presence of lumber and

actuate the appropriate drive motors in proper sequence to cause the various chains to be operated and to cause the stacker arms to engage and remove courses of lumber as they are formed." In addition, column 7, lines 21-29, states, "The stacker arm drive motors 32 and 33 are preferably five horsepower variable frequency AC motors with an REX gearbox. Similarly, the stacker chain drive motors are five horsepower variable frequency AC motors. By appropriate positioning of photocells, limit switches and the like throughout the apparatus to sense the presence of lumber being handled by the apparatus, the motors can be suitably energized or de-energized to actuate the various components to advance the lumber in an orderly manner." Thus, the Baxley stacker is allowed to control the starting and stopping (actuate or energize) of its electric motors in proper sequence using a control system to cause its stacker arms to engage and remove the lumber free and clear of the Patents.

22. The Baxley stacker "actuates" or "energizes" the electric motors in the same way as Vande Linde to stop and start the two sets of arms independently of each other. The Baxley stacker does not "control" the arms in the same manner as the claims of the Patents. Once the motors of the Baxley stacker are "actuated" or "energized," they cannot and do not monitor the horizontal location of the arms using positioners, and they do not vary the speed of the motors to accelerate or decelerate the arms during a cycle. The motors in the Baxley stacker are operated at a constant speed throughout a cycle and do not control the acceleration of the arms, since the acceleration of the arms is fixed by the cams and cranks. The precise location of the arms throughout the cycle is not known by a control system in the Baxley stacker. In contrast, the claims of the Patents require that the control system use horizontal positioners to know the precise horizontal location of the arms throughout the cycle in order to control the speed of the arms and ramping of the acceleration of the arms by varying the speed of the motor.

6

23. Furthermore, prior art U.S. patent No. 4,290,723 (Johansson) (attached as Exhibit E) teaches a dual stacker controlled by a programmed control system to control the operation of the arms (column 2, lines 1-2). Column 3, lines 28-48, discloses, "The advancing movement of the carrier planes 5 and 6 during the assembly of a layer directly from the feed conveyor 1 can take place continuously or in steps. This feed movement is controlled by said control unit in agreement with the speed of the feed conveyor. The movement of the carrier planes along the respective guides 11 and 11' to the position above the stacking table, the return movement of the carrier planes and their movement to the position of preparedness behind the carrier plane being in layer assembling position and, thus, being a continuation of the feed conveyor, must take place relatively rapidly, in any case the return movement of the carrier planes to the position of preparedness, so that a carrier plane safely can return to its position of preparedness before a layer has been assembled on the carrier plane being in the layer assembling position. These movements as well as the lifting and lowering of the carrier planes by the piston-cylinder means 20 and 21', respectively, are also controlled by said programmed control unit."

24. In view of the prior art teachings of Vande Linde and Johansson, the Baxley stacker is allowed to use a programmable control system to turn off and on (energize or active) the electric motors to stop and start the arms independently of each other to match the speed of the conveyor supplying the lumber to the conveyor free and clear of the Patents.

**COUNT I:  Declaration of Noninfringement of the Patents**

25. Plaintiffs incorporate by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

26. Plaintiffs have not infringed in the past and presently do not infringe the claims of the Patents, either literally or under the doctrine of equivalents, and Plaintiffs have not induced or contributed to infringement of the claims of the Patents.

27. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Plaintiffs are entitled to judgment declaring that they have not infringed in the past and presently do not infringe the claims of the Patents, either literally or under the doctrine of equivalents, and that Plaintiffs have not induced or contributed to infringement of the claims of the Patents.

### COUNT II: Declaration of Invalidity of the Patents

28. Plaintiffs incorporate by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

29. The claims of the Patents are invalid for failure to comply with the requirements of the United States patent laws, and in particular for failure to comply with 35 U.S.C. §§ 101, 102, 103, and/or 112.

30. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Plaintiffs are entitled to judgment declaring the Patents' claims are invalid.

### COUNT III: Tortious Interference with Contractual Relationship and Business Expectancy

31. Plaintiffs incorporate by reference, as if fully set forth herein, all preceding paragraphs of this Complaint.

32. Plaintiffs have a valid contractual relationship, business expectancy, existing economic relationships, and justifiable economic expectations with Georgia-Pacific and other existing and potential customers in Arkansas and elsewhere.

33. Hogue has knowledge of those contractual relationships and business expectancies. Indeed, Hogue has contacted Georgia-Pacific on multiple occasions about the Patents and has alleged their infringement.

34. Through the use of intentional and improper interference, Hogue has induced and caused a disruption of the contractual relationships and business expectancies and has acted in bad faith. Hogue has threatened Georgia-Pacific and Plaintiffs with litigation with the intent to disrupt the contractual relationships and business expectancies. Hogue has caused Georgia-Pacific and other potential customers not to do further business with Plaintiffs, causing loss of business to Plaintiffs.

35. Hogue continued its intentional interference even after Plaintiffs explained how the Patents were not being infringed, which is further evidence of the improper interference and disruption and of Hogue's insistence to quell innovation.

36. Hogue's disruption of the contractual relationships and business expectancies is a proximate cause of Plaintiffs' damages, including the loss of additional sales of the Baxley stacker and related profitable contracts.

37. Plaintiffs request a trial by jury on all issues so triable.

38. Plaintiffs are entitled to a reasonable attorneys' fee award pursuant to 35 U.S.C. § 285.

WHEREFORE, Plaintiffs Baxley Equipment Company, LLC, Price LogPro, LLC, and Timber Automation, LLC respectfully request that the Court enter judgment in their favor, issue the requested declarations, award them their damages, costs and attorney's fees, and all other legal and equitable relief that is appropriate.

Respectfully submitted,

*/s/ Jim Simpson/*

JAMES M. SIMPSON, No. 77125
KIMBERLY D. YOUNG, No. 2003124
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Ave, Suite 2000
Little Rock, Arkansas 72201
Telephone: (501) 376-2011
simpson@fridayfirm.com
kyoung@fridayfirm.com

Attorneys for Plaintiffs
Baxley Equipment Company, LLC, Price LogPro, LLC, and Timber Automation, LLC