

# HOGUE INDUSTRIES
Limited Liability Company

September 1, 2015

Hi Chris-

This letter is in response to the various e-mails we've been trading back and forth, in particular, the last one you sent on August 26, 2015. Hopefully this explains our position more clearly so that we can get this matter resolved quickly.

We appreciate your detailed explanation of your position, and understand that you believe you are incorporating elements of prior art patents (such as Vande Linde and Johansson) within your machine. We also understand, however, that your machine is not an exact duplicate of either the Vande Linde or Johansson devices, but rather incorporates features of those devices along with additional elements in a manner that would infringe on one or more claims of our Patents.

Almost every patented advance builds in some manner on previous designs, and our patented technology is no exception. While building on preexisting features, however, our patented technology also incorporates new and novel innovations that the Patent Office has repeatedly recognized as providing a patentable innovation over Johansson, Vande Linde, and the other prior art devices.

Accordingly, the real issue is not whether your machine includes bits and pieces of prior art devices, but rather, whether your machine violates any one or more of the claims of our U.S. Patents 7,201,554 and 7,651,314. As you are no doubt aware, a machine violates a patent claim (and therefore infringes) if it contains each and every element of that claim. In addition, to succeed in proving a claim of patent infringement, it is only necessary that we demonstrate that your machine violates a single claim. In other words, to escape an infringement claim, you cannot be in violation of any claim of any of our patents. We assert that your machine is now (and/or will be upon completion) in violation of multiple claims of our patents, and here's why:

Based on the pictures of the machine that you've sent us, your descriptions of the workings of your machine, and our knowledge of what is required to make a Dual Fork Stacker machine work successfully (since we've built many, and this is your first), this is what we know your machine includes:

<u>Electrically-Controlled Horizontal Positioners</u>-The pictures you sent show individual motors driving the individual sets of Stacking Arms back and forth in a horizontal relationship to the frame. Our Patents include electric motors such as yours within the definition of the claimed "Positioners." See, e.g., U.S. Patent 7,201,554, column 6 (lines 3 – 10) (defining several devices as being positioners, including electric motors). We

PO Box 462, Westlinn, Or



EXHIBIT C

have the same definition within our U.S. Patent 7,651,314, column 5 (lines 60 – 67). Electric motors are defined as the claimed positioners within our Patents.

Position Detection and Control Devices-Those same pictures also show Encoders on the electric motors. The Encoders you have would track the position of the stacking arms. The Encoders are wired through the Variable Frequency Drives, which are then monitored and controlled by the PLC, or the Electronic Control System. Significantly, neither Vande Linde or Johansson teach encoders for tracking the position of the horizontal positioning devices. You therefore include elements of our patent claims not found in the prior art. We also define the position tracking devices within column 6 (lines 13 – 21) of U.S. Patent 7,201,554. As explained, the position detection devices include such encoders. The position information from the encoders is important to running the Dual Fork Stacker machine at maximum efficiency.

Speed, Acceleration/Ramping Control-Each of your motors has a Variable Frequency Drive. The Variable Frequency Drives allow you to accommodate various speeds of operation for various grades and sizes of lumber plus provide acceleration and deceleration of the stacking arms using the positioning information from the encoders. Without the acceleration control, the machine will have a violent start and stop, and the lumber will typically shingle and fly off of the arms if you run them at the speeds your customer would want.

Electronic Control System-You also told us that you will have a Programmable Logic Controller (PLC) on the Dual Fork Stacker that you've sold and manufactured. You'll need it to control the position of the stacking arms in concert with the Encoders and/or other position detecting devices to know when to start and stop the dual sets of arms in relation to each other. Having the second set of forks start forward before the first set of forks has returned to the full back position allows a Dual Fork machine to get the maximum stacking rates. The Variable Frequency Drives can't talk to one another so the PLC must control the relationship between the Dual sets of Stacking Arms, among other functions. The PLC/Variable Frequency Drive will also need to have the various speeds (and ramping profiles) of the stacker stored so that when the operator chooses a speed, the PLC will control the electric motors accordingly. You also need to have the PLC control starting the second set of arms while the first set of arms is retracting from the accumulation hoist, allowing the hoist indexing at the proper time, so a PLC, or Electronic Control System is necessary for the proper operation of the machine.

You also passed along that the software isn't written yet, so you may not yet recognize the need for a high-level of control over the starting and stopping, as well as acceleration ramping, of stacker arm movement, which you will likely discover once the controls software design people get into the actual operation needs of the system.

We strongly believe that your machine violates (and/or will violate) numerous claims of our patents. Please note that we have claims related to variably controlling the speed of the stacking arms; claims related to controlling the horizontal acceleration of the stacking arms; claims related to control of the speed, ramping and positioning of the stacking arms; and claims related to controlling the speed, position, and acceleration of the stacking arms. A violation of any one of those separate claims is enough for you to be found infringing.

For instance, your machine's variable and independent control of the speed of the horizontal positioning devices (electric motors) for the independent stacking arms using the encoders will be enough to establish infringement of Claim 6 of U.S. Patent 7,615,314. We also feel strongly that your machine violates numerous other claims of these patents, including, for instance, claim 11 of US Patent 7,615,314 and claims 10 and 21 of U.S. Patent 7,201,554, among others.

In summary, we believe your machine is in direct violation of a number of our patent claims, each of which has been thoroughly vetted over the prior art Vande Linde and Johansson references, among others. Rather than simply practicing the prior art, your device instead utilizes the key advances provided by our patented invention. This is why we must insist that you take a license or refrain from manufacturing and selling infringing machines.

Sincerely,

Gary Hogue
503-329-7241