IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BAXLEY EQUIPMENT COMPANY, LLC;
PRICE LOGPRO, LLC; and
TIMBER AUTOMATION, LLC                                                    PLAINTIFFS

v.                              Case No. 6:17-cv-6045

HOGUE INDUSTRIES, LLC
d/b/a HOGUE INDUSTRIES                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Defendant Hogue Industries, LLC ("Hogue Industries"). ECF No. 37. Plaintiffs Baxley Equipment Company, LLC; Price LogPro, LLC; and Timber Automation, LLC, (collectively "Baxley") have filed a response in opposition to the motion.[1] ECF No. 42. The Court finds this matter ripe for its consideration. For the reasons explained below, Hogue Industries' motion is granted.

## I. BACKGROUND

### A. Factual Background

This is a declaratory judgment action in which Baxley seeks a declaration that it did not infringe two patents held by Hogue Industries and that the patents are invalid. Baxley and Hogue Industries are in the business of selling, marketing, engineering, and manufacturing lumber stacking machinery. ECF No. 1, ¶ 9. Hogue Industries produces a High Speed Dual Fork Stacking Mechanical and Control System, which it claims is represented by United States Patent Numbers

---

[1] Pursuant to the Court's briefing schedule, Baxley also submitted its brief regarding its standing to pursue a declaratory judgment of patent noninfringement and invalidity on January 8, 2018. ECF No. 31.

7,201,554 and 7,651,314 (collectively "the patents"). *Id*. at ¶ 10. Baxley designed a dual stacking machine ("Baxley Stacker"), which it alleges is unlike Hogue Industries' dual stacking machine. *Id*. at ¶ 11. On or about May 30, 2014, Baxley sold the Baxley Stacker to Georgia-Pacific for use in its Gurdon, Arkansas facility. ECF No. 1, ¶ 15.

At some point, Hogue Industries became aware of Baxley's intent to build and install the Baxley Stacker for Georgia-Pacific. On July 27, 2015, Gary Hogue of Hogue Industries emailed Baxley regarding the Baxley Stacker, stating that he "believe[d] the machine [was] in violation of our US Patents." ECF No. 31-1. Mr. Hogue's email further requested that Baxley cease shipment of the Baxley Stacker until the infringement issue was resolved and asked Baxley to "divulge any other Dual Fork Machines that you may have sold so that we all have a total picture of the violation." *Id*.

The parties exchanged numerous emails over the following weeks regarding whether the Baxley Stacker violated Hogue Industries' patents. Although Georgia-Pacific did not allow Mr. Hogue to physically inspect the Baxley Stacker at its facility, Baxley supplied photographs of the stacker, as well as a description of how it worked. ECF No. 36-1, pp. 107-03, 127. Based on this information, Mr. Hogue concluded that the Baxley Stacker infringed the patents. Specifically, Hogue Industries maintained that the Baxley Stacker violated the patents because it utilized encoders which could be used to control the speed, acceleration, and ramping of the stacker's arms. Conversely, Baxley took the position that its stacker did not violate the patents because its control system only knows the start/stop positions of the stacker's arms and does not control the speed and acceleration of the arms.

On September 1, 2015, Hogue Industries sent a letter detailing its position that the Baxley Stacker was in direct violation of the patents. ECF No. 31-12. The letter further requested that

Baxley take a license or refrain from manufacturing and selling the Baxley Stacker. *Id*. In response, Baxley insisted that its stacker did not infringe on the patents and refused to take a license or refrain from selling the Baxley Stacker to Georgia-Pacific. ECF No. 31-21. Mr. Hogue subsequently contacted Georgia-Pacific and initiated discussions to license the Baxley Stacker. Georgia-Pacific eventually agreed to pay a licensing fee to Hogue Industries in order to operate the Baxley Stacker under Hogue Industries' patents.

**B. Procedural Background**

Baxley commenced this action by filing a three-count complaint on May 19, 2017, seeking declaratory judgment relief, pursuant to 28 U.S.C. § 2201, with respect to United States Patent Numbers 7,201,554 and 7,651,314. ECF No. 1. Baxley specifically requests declarations of noninfringement and invalidity of the patents. In addition, Baxley asserts a state law claim of tortious interference with contractual relationship and business expectancy.

On June 9, 2017, Hogue Industries filed its Answer and asserted a counterclaim of willful patent infringement against Baxley. ECF No. 10. On October 31, 2017, Hogue Industries moved to dismiss its patent infringement counterclaims against Baxley. ECF No. 20. In its motion, Hogue Industries stated that "Hogue Industries and Georgia Pacific entered a Patent License Agreement through which the Baxley stacker installed at Georgia Pacific's Gurdon, Arkansas facility became fully licensed under [Hogue Industries'] asserted" patents. The Court granted Hogue's motion to dismiss its counterclaims with prejudice on November 6, 2017. ECF No. 21.

A Rule 16 Scheduling Conference was held on November 9, 2017, in which Hogue Industries challenged the Court's subject-matter jurisdiction in this case. The Court subsequently directed the parties to submit briefs addressing whether the Court lacks subject-matter jurisdiction in this action. ECF No. 24. Baxley submitted its brief asserting its standing to pursue this action

3

on January 8, 2018. ECF No. 31.

On February 19, 2018, Hogue Industries executed a covenant not to sue with respect to "the specific design components and features that are identified in Baxley's Complaint and supplemental evidence as being included in their proposed stackers." ECF No. 38, p. 2. Baxley was served with the covenant not to sue on February 21, 2018. On the same day, Hogue Industries filed its motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing, in part, that its proffered covenant not to sue eliminates any controversy between the parties regarding the Baxley stacker, thereby divesting the Court of subject-matter jurisdiction. ECF No. 37.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 328 (8th Cir. 2016) (citing *Gunn v. Minton*, 568 U.S. 251, 256 (2013)). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The party asserting federal jurisdiction . . . shoulders the unshifting burden of establishing federal jurisdiction." *Modis, Inc. v. Viet*, No. 415CV00110SMRRAW, 2015 WL 13545484, at *3 (S.D. Iowa Nov. 10, 2015) (citing *Jones v. United States*, 727 F.3d 844, 846 (8th Cir. 2013)).

In deciding a motion under Rule 12(b)(1), a court must first determine whether the motion is a "facial attack" or a "factual attack" to subject-matter jurisdiction. *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (citation omitted). "In a facial challenge . . . the factual allegations concerning jurisdiction are presumed to be true and a complaint will be

dismissed only if the defendant shows that the plaintiff failed to allege some element necessary to invoke the court's jurisdiction." *Saxton v. Fed. Hous. Fin. Agency*, 245 F. Supp. 3d 1063, 1070-71 (N.D. Iowa 2017) (citing *Branson Label*, 793 F.3d at 914). In such circumstances, "the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Id.* "Conversely, in a factual attack, the existence of subject matter jurisdiction [is challenged] in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Branson Label*, 793 F.3d at 914-15 (citation and quotations omitted). "Thus, the non-moving party would not enjoy the benefit of the allegations in its pleadings being accepted as true by the reviewing court." *Id.* (citation omitted).

In the present case, Hogue Industries' 12(b)(1) motion is a factual attack to subject-matter jurisdiction, as it relies on a covenant not to sue sent to Baxley which is not mentioned in the Complaint. *See Spicy Beer Mix, Inc. v. New Castle Beverage*, No. CV 14-00720 SJO JEMX, 2014 WL 7672167, at *3 (C.D. Cal. Aug. 1, 2014) (citing *Morrison v. Amway Corp.*, 323 F.3d 920, 945 n.5 (11th Cir. 2003)). Accordingly, the Court will consider evidence beyond the scope of the pleadings—such as Hogue Industries' proffered covenant not to sue—to determine the existence of subject-matter jurisdiction.

### B. Subject-Matter Jurisdiction in Declaratory Judgment Actions

"The Court may issue a declaratory judgment only '[i]n a case of actual controversy.'" *Beavers v. Riley Built, Inc.*, 168 F. Supp. 3d 948, 950 (W.D. Ky. 2016) (quoting 28 U.S.C. § 2201(a)). "To determine whether an actual controversy exists for purposes of the Declaratory Judgment Act, the Court must ask 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient

5

immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id*. at 950-51 (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). "An actual controversy must exist at all stages of review, not merely at the time the case is filed." *Furminator, Inc. v. Kim Laube & Co.*, No. 4:06CV1314 RWS, 2008 WL 80691, at *2 (E.D. Mo. Jan. 7, 2008) (citing *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999)).

"[A] covenant not to sue for patent infringement divests the trial court of subject matter jurisdiction over claims that the patent is invalid, because the covenant eliminates any case or controversy between the parties." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1346 (Fed. Cir. 2010) (citing *Intellectual Prop. Dev., Inc. v. TCI Cablevision of Calif., Inc.*, 248 F.3d 1333, 1342 (Fed. Cir. 2001); *Amana Refrigeration*, 172 F.3d at 855). To determine whether a covenant not to sue divests a trial court of jurisdiction, the court must consider what is covered by the covenant. *Id*. at 1346-47 (citing *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 556 F.3d 1294, 1297 (Fed. Cir. 2009)).

## III. DISCUSSION

### A. Declaratory Judgment Claims

In the case at bar, Hogue Industries asserts that its proffered covenant not to sue divests the Court of its jurisdiction to hear Baxley's declaratory judgment claims for invalidity and noninfringement. The covenant executed by Hogue Industries states, in pertinent part, as follows:

> 2.01 <u>Covenant</u>. Subject to the terms, conditions, and limitations herein set forth, during the term of this Agreement, Hogue [Industries] hereby covenants not to sue or commence any legal proceeding under any of the Hogue Patents against Baxley, its Affiliates, or customers of Baxley, for the sale, offer for sale, or use of any Baxley stacker based solely on its inclusion of design features or components specifically identified by Baxley in its May 19, 2017 Complaint or in its advertisements, sales quotes, or purchase orders attached as Exhibits 25-34 to Baxley's Brief.

ECF No. 39, p. 2. Hogue Industries contends that the proffered covenant not to sue grants Baxley

"the right to pursue the specific course of action they have identified" in the Complaint. ECF No. 38, p. 11. As a result, Hogue Industries maintains that the proposed covenant not to sue divests the Court of its Article III jurisdiction because no case or controversy exists under the facts alleged in Baxley's Complaint.

In response, Baxley contends that the covenant not to sue is insufficient to defeat its declaratory judgment claims. Specifically, Baxley argues that the proffered covenant does not cover the design of the Baxley Stacker sold to Georgia-Pacific. Baxley asserts that it is prepared to sell additional Baxley Stackers with the same design as the stacker sold to Georgia-Pacific. Because Hogue Industries retains its right to sue Baxley for selling the same product that it sold to Georgia-Pacific—according to Baxley—the covenant does not eliminate the dispute between the parties.

Upon consideration, the Court finds that it has no actual case or controversy before it. The language of the covenant is broad and covers "*any* Baxley stacker based . . . on [the] design features or components specifically identified by Baxley in its May 19, 2017 Complaint or in its advertisements, sales quotes, or purchase orders." ECF No. 39, p. 2 (emphasis added). Baxley's Complaint identifies the design features of the Baxley Stacker, which is the same stacker that was sold to Georgia-Pacific for use in its Gurdon, Arkansas facility. *See* ECF No. 1, ¶¶ 11-15. Baxley further concedes that it plans to sell additional Baxley Stackers based on the same design. Thus, the Court is satisfied that the covenant not to sue protects Baxley from the threat of future litigation regarding the Baxley Stacker sold to Georgia-Pacific, as well as any future stackers based on those same designs. Accordingly, Hogue Industries' motion to dismiss for lack of subject-matter jurisdiction should be granted with regard to Baxley's declaratory judgment claims for patent invalidity and noninfringement, as no present actual controversy exists between the parties.

### B. Tortious Interference Claim

Next, Hogue Industries urges the Court to dismiss Baxley's state law tortious interference claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Citing to *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, Hogue Industries maintains that the tortious interference claim should be dismissed because "[f]ederal patent law preempts state-law tort liability for a patent holder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation." 695 F.3d 1322, 1330-31 (Fed. Cir. 2012) (quoting *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1374 (Fed.Cir.2004)). Hogue Industries argues that Baxley's Complaint asserts bald allegations of "bad faith" which cannot survive federal preemption because "state-law claims [can] survive federal preemption only to the extent that those claims [are] based on a showing of bad faith action in asserting infringement." *Id*. (quotations omitted). In response, Baxley contends that it sufficiently pled facts to support its allegation that Hogue Industries acted in bad faith.

A district court may decline to exercise supplemental jurisdiction over state claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In the Eighth Circuit, the preference is for a court to decline to exercise supplemental jurisdiction over state law claims when all federal claims have been dismissed before trial. *See Johnson v. City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004). Because the Court has dismissed Baxley's declaratory judgment claims, the Court declines to exercise supplemental jurisdiction over the remaining state law tortious interference claim. *See Aquatech Int'l Corp. v. N.A. Water Sys., LLC*, No. CIV.A. 12-435, 2013 WL 3972625, at *13 (W.D. Pa. July 31, 2013) (declining to exercise supplemental jurisdiction over state law tortious interference claim in light of dismissal of plaintiff's declaratory judgment claims).

## IV. CONCLUSION

For the reasons explained above, the Court finds that it lacks jurisdiction to issue a declaratory judgment regarding Baxley's declaratory judgment claims for patent invalidity and noninfringement, as there is no present actual controversy underlying those claims. In addition, the Court declines to exercise supplemental jurisdiction over Baxley's state-law tortious interference claims in light of the dismissal of the declaratory judgment claims. Thus, the Court finds that Hogue Industries' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 37) should be and hereby is **GRANTED**. Baxley's Complaint is hereby dismissed without prejudice.

**IT IS SO ORDERED**, this 12th day of June, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge